IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KENT PURCHASE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-CV-00266-WDS |
| | ) | |
| SHAWNEE COMMUNITY COLLEGE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**STIEHL, District Judge:**

Before the Court is defendant Shawnee Community College's motion to dismiss plaintiff Kent Purchase's complaint (Doc. 11). Plaintiff brings this complaint against defendant, his former employer, alleging discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981.

Defendant moves for dismissal on the single ground that plaintiff's complaint was untimely. Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission and received his notice of right to sue on December 28, 2011 (Doc. 1, p. 4). (It is attached to the complaint.) Plaintiff then had 90 days, until March 27, 2012, to file his lawsuit. *See* 42 U.S.C. § 2000e-5(f)(1); *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 600 (7th Cir. 2009). Defendant asserts that plaintiff missed the deadline because he did not file the complaint until June 26, 2012 (and his amended complaint not until December 4, 2012). Through some mistake, however, defendant overlooks that plaintiff did file the complaint on March 27 (Doc. 1). It was timely, and defendant's motion to dismiss (Doc. 11) is **DENIED**.

Aside from the motion to dismiss, plaintiff's *amended* complaint must be stricken for failure to comply with Federal Rule of Civil Procedure 15(a) (Doc. 9). A plaintiff may amend his complaint "once as a matter of course" within 21 days after serving it, or within 21 days after the defendant serves its answer or a motion under Rule 12(b), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Otherwise the plaintiff may amend only with the defendant's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Plaintiff here served defendant with the complaint on November 5, 2012 (Doc. 8). He then had until November 26 to amend as a matter of course, but did not do so until December 4, which was too late. It was also too early because defendant had not *yet* filed its motion to dismiss. That motion was filed on January 4, 2013, so plaintiff still has two days in which to amend as a matter of course (**until January 25**). Otherwise he must obtain defendant's written consent or the Court's leave. If plaintiff chooses to seek the Court's leave, he is advised to consult the Court's local rules for filing an amended complaint. *See* SDIL-LR 15.1(a). Plaintiff's amended complaint (Doc. 9) is **STRICKEN** from the record.

    **IT IS SO ORDERED.**

    **DATED: January 23, 2013**

                                        **/s/ WILLIAM D. STIEHL**
                                              **DISTRICT JUDGE**