## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KENT PURCHASE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12-CV-266-NJR-SCW |
| | ) | |
| SHAWNEE COMMUNITY COLLEGE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is currently before the Court on a "Motion to Vacate Order for Summary Judgement [sic] to Defendant" filed by Plaintiff, Kent Purchase, on October 1, 2014 (Doc. 54).   Also before the Court is Plaintiff's Motion for Leave to Appeal *in forma pauperis* (Doc. 56).

### BACKGROUND

Mr. Purchase filed this suit after he was terminated from his position on the maintenance staff at Shawnee Community College ("the College").   The complaint alleged that the College violated Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, and the Age Discrimination in Employment Act (Doc. 1).   The complaint also alleged facts giving rise to claims of hostile work environment and racial discrimination in violation of Title VII, discrimination on the basis of disability in violation of the Americans with Disabilities

Act, and retaliatory discharge (Doc. 1).

The College filed its amended motion for summary judgment on January 29, 2014 (Doc. 43), and Purchase filed a response on February 27, 2014 (Doc. 45).   A hearing on the motion was scheduled at 11 a.m. on September 8, 2014, in front of the undersigned judge (Doc. 49).   Purchase received the notice of hearing, however, he misplaced the notice and consequently failed to appear (Doc. 54).   The undersigned granted summary judgment in favor of the College at the hearing, and then subsequently issued an order detailing the reasons for granting the motion and making clear that Purchase's absence from the hearing *did not* factor into the Court's decision (Doc. 52).

On October 1, 2014, Purchase filed his "Motion to Vacate Order for Summary Judgement [sic] to Defendant" (Doc. 54).   On October 10, 2014, before the College's time to respond to his Motion to Vacate had expired or the Court had ruled on the Motion, Purchase filed a notice of appeal from the final judgment issued in this case (Doc. 55). At the same time, Purchase filed a motion for leave to proceed on appeal *in forma pauperis* ("IFP") (Doc. 56).

## DISCUSSION

### A.  Motion to Vacate

Even though the Federal Rules of Civil Procedure do not officially recognize a "motion to vacate," courts generally construe such motions as being brought under Rule 59(e) or Rule 60(b).   Because Purchase's motion was filed within twenty-eight days of the entry of judgment and appears to assert a manifest error of law or fact by the Court in granting summary judgment, the Court understands Purchase's motion to be a Rule

59(e) motion.   *See Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742–43 (7th Cir. 2009).

As an initial matter, the Court must address its jurisdiction to decide Purchase's Rule 59 motion.   Normally, "a notice of appeal divests the district court of its control over those aspects of the case involved in the appeal."   *May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). In a scenario such as this, however, where a party prematurely files a notice of appeal before the Court has acted on a timely Rule 59 motion, the notice of appeal does not divest the Court of jurisdiction to rule on the motion.   *See* FED. R. APP. P. 4(a)(4)(B)(i). The notice of appeal is, in effect, suspended until the Court disposes of the Rule 59 motion.   *See* FED. R. APP. P. 4(a)(4)(B)(i).

Having established that it has jurisdiction to rule on the motion, the Court now moves on to address the merits of the motion.   Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence.   *See, e.g.*, *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 814 (7th Cir. 2012).   "This rule enables the court to correct its own errors and thus avoid unnecessary appellate procedures."   *Id.* (internal citation and quotation marks omitted). The decision to grant or deny a Rule 59(e) motion is entrusted to the "sound judgment" of the district court.   *Id.*

In his motion, Purchase apologizes for missing the September 8th hearing and requests that the Court vacate the order granting summary judgment to the College so that he can argue his case for disability discrimination before the Court (Doc. 54). Purchase takes exception to the College's statement that he returned to work

immediately following his second injury on the job (Doc. 60).   Purchase argues "that is not completely true" because he missed a number of days due to doctor appointments and pain, and his excessive absences were noted in his performance evaluation (Doc. 60). He further argues that his injuries limited his ability to walk, to lift over ten pounds, and to sleep (Doc. 60).

Purchase's arguments fall short of the standard for relief under Rule 59(e).   His argument regarding his limitations is not new; he made this argument in his response to the College's motion for summary judgment, and it was rejected by the Court (*See* Doc. 52).   Rule 59 is not for "rehashing previously rejected arguments."   *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).   On the other hand, Purchase's argument regarding absences from work is new and was not made in his response to the College's motion for summary judgment (*See* Doc. 45).   However, that argument *could have* and *should have* been made to the Court at that time.   Rule 59 is "not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment . . . ."   *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 814 (7th Cir. 2012).   Even if the Court were to consider this argument, it would not alter the Court's ultimate conclusion.   There is little to no evidence in the record regarding the number of days that Purchase was absent from work or the reason for his absences.   An argument that is unsupported by definite, competent evidence is insufficient to defeat summary judgment.   *See Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001).

In conclusion, Purchase has not stated or demonstrated any grounds for relief

under Rule 59(e), and the Court remains persuaded that it was correct in granting its summary judgment in favor of the College on Purchase's disability discrimination claim. Accordingly, Purchase's motion to vacate (Doc. 54) is denied.

## B.  Motion for Leave to Appeal *In Forma Pauperis*

As previously mentioned, shortly after Purchase filed his motion to vacate, he filed his notice of appeal from the final judgment, along with a motion to proceed on appeal *in forma pauperis* ("IFP").  A federal court may permit a party to proceed on appeal IFP without full prepayment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); FED. R. APP. P. 24(a)(3)(A).

The declaration supporting Purchase's motion provides that he is presently unemployed and has no monthly income (Doc. 50).  His wife's wages and public assistance total just over $1,600 per month, but their monthly expenses total approximately $1,500 (Doc. 50).   They own a home and two cars, but do not have any significant amount of cash or money in a bank account.   Therefore, the Court finds Purchase to be indigent within the meaning of the statute.

Moreover, the Court cannot say that Purchase is taking an appeal in bad faith. An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, meaning that a reasonable person could suppose it to have at least some legal merit.  *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).   Purchase indicates that he is appealing the Court's decision to grant summary judgment in favor of the College on his disability discrimination claim (*see* Doc. 55).   Summary judgment was granted on this claim because Purchase could not show that he met the definition of disabled under the

Americans with Disabilities Act (*see* Doc. 52).   Thus, while the Court remains convinced that summary judgment was appropriate in this case, Purchase seeks in good faith to contest this conclusion with the appellate court. He shall be allowed to do so without prepayment of the appellate filing fee.

**CONCLUSION**

Plaintiff's "Motion to Vacate Order for Summary Judgement [sic] to Defendant" (Doc. 54) is **DENIED;** his motion for leave to proceed on appeal *in forma pauperis* (Doc. 56) is **GRANTED.**

**IT IS SO ORDERED.**

**DATED:   October 17, 2014**

<u>**s/ Nancy J. Rosenstengel**</u>
**NANCY J. ROSENSTENGEL**
**United States District Judge**